# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.M.**

**No. 22-0244** (Marshall County 19-JA-54)

## MEMORANDUM DECISION

Petitioner Father T.M., by counsel R. Jared Lowe, appeals the Circuit Court of Marshall County's March 7, 2022, order terminating his parental rights to J.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Michael B. Baum, also filed a response on the child's behalf in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court below erred and denied petitioner his right to due process by proceeding with a dispositional hearing while petitioner was not represented by counsel. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In November of 2019, the DHHR filed a petition alleging that petitioner and the mother abused and neglected J.M.'s sibling, J.K.M., after that child was born premature with heroin and Suboxone exposure.[2] The DHHR also alleged that petitioner failed to protect the children from the mother's substance abuse and failed to provide the children with necessary shelter. The DHHR amended the petition in September of 2020, alleging that petitioner medically neglected

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]J.K.M. is not at issue on appeal.

then-three-year-old J.M. by failing to keep medical appointments to investigate serious physical symptoms the child exhibited, such as her difficulty walking and a limp. These symptoms eventually were determined to result from a rare form of cancer that required immediate medical intervention, including surgery and chemotherapy. In April of 2021, petitioner stipulated to the allegations in the petition, and the circuit court adjudicated him as an abusing parent. Additionally, petitioner and the mother voluntarily relinquished their parental rights to J.K.M. during this hearing. Later, petitioner was granted an improvement period, which was terminated for noncompliance in November of 2021. Petitioner did not contest the termination of his improvement period.

The circuit court convened for a dispositional hearing in January of 2022 and first addressed petitioner's counsel's motion to withdraw from his representation of petitioner. The court held an in-camera hearing with petitioner and his counsel, considered petitioner's complaints with contacting counsel, and, ultimately, granted the motion and relieved petitioner's counsel from representation. The in-camera hearing continued; petitioner asked to be appointed new counsel and moved for a continuance. The circuit court denied petitioner's motion to continue, reasoning that petitioner did not come prepared with an attorney and came into court "without a back-up plan." It noted it did not find "that everyone else's time [was] any less important than [petitioner's]" so a continuance was not warranted. The court ordered petitioner to proceed without counsel. The court heard testimony from three DHHR witnesses, then continued the hearing due to time constraints. The circuit court reconvened in February of 2022, at which time petitioner appeared with newly appointed counsel. The DHHR presented testimony from petitioner and the mother before resting. Petitioner presented no additional evidence. Ultimately, the circuit court found that petitioner failed to respond to a reasonable family case plan, there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect and abuse, and that termination of petitioner's parental rights was necessary for the child's welfare. The court terminated petitioner's parental rights by its March 7, 2022, order. Petitioner now appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[3]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption in her current placement.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights upon insufficient evidence. However, we decline to address that argument and instead vacate the circuit court's dispositional order based upon its clearly erroneous decision to proceed with disposition without affording petitioner new appointed counsel. West Virginia Code § 49-4-601(f)(4) provides that "[a] parent, guardian, custodian . . . who is alleged to have neglected or abused the child and who has not retained counsel and is financially unable to retain counsel beyond the initial hearing, shall be afforded appointed counsel *at every stage of the proceeding*." This Court has long recognized that due process requires the appointment of counsel to parents in abuse and neglect proceedings, stating

> "[i]n child neglect proceedings which may result in the termination of parental rights to the custody of natural children, indigent parents are entitled to the assistance of counsel because of the requirements of the Due Process clauses of the West Virginia and United States Constitutions." Syllabus point 1, *State ex rel. LeMaster v. Oakley,* 157 W.Va. 590, 203 S.E.2d 140 (1974).

Syl. Pt. 7, *Matter of Lindsey C.*, 196 W. Va. 395, 473 S.E.2d 110 (1995). Clearly, petitioner was not afforded counsel during the January of 2022 hearing when the circuit court granted petitioner's counsel's motion to withdraw, denied petitioner's motion for a continuance, and ordered him to proceed without counsel. There is also no dispute that petitioner was indigent. As a result of the circuit court's error, we find it necessary to vacate and remand this proceeding for a dispositional hearing wherein petitioner is represented by counsel. *See* Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) (requiring a circuit court's order be vacated and remanded when "the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes . . . has been substantially disregarded or frustrated").

Accordingly, because the circuit court violated petitioner's right to due process by proceeding with a dispositional hearing without affording petitioner counsel, we vacate the circuit court's March 7, 2022, dispositional order and remand the matter with instructions to appoint petitioner counsel and hold a dispositional hearing within the next sixty days.[4] We further order that, upon remand, this matter be assigned to a different circuit court judge. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and Remanded.

---

[4]The circuit court's dispositional order is vacated as it relates to the termination of petitioner's parental rights only.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn